1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

PETER M. BERGNE,                          1: 07 CV 00003 LJO WMW HC

12
                           Petitioner,    MEMORANDUM OPINION AND ORDER RE
13                                         RESPONDENT'S MOTION TO DISMISS
                                           PETITION FOR WRIT OF HABEAS CORPUS
14         v.
                                           [Doc. 11]
15
JAMES A. YATES,                           FURTHER RESPONSE TO PETITION
16                                         ORDERED
                           Respondent.
17  _____ /

18

19

20
          Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28
21
U.S.C. Section 2254.   Pending before the court is Respondent's motion to dismiss.
22
                                   **BACKGROUND**
23
          In his petition, Petitioner alleges that his due process rights were violated because the Board
24
of Parole Hearings ("the Board') failed to provide him with a fair parole consideration hearing in
25
2005.  Respondent contends that the petition should be dismissed as untimely.
26
                               **PROCEDURAL HISTORY**
27
          On April 6, 2005, the Board denied Petitioner parole.  The decision became final on August
28

1   4, 2005.  Cal.Penal Code § 3041(b).

2   <u>First Petition</u>

3          On May 9, 2005, Petitioner filed a petition for writ of habeas corpus with the Marin County

4   Superior Court.  On May 12, 2005, the court transferred the petition to Ventura County Superior

5   Court.  On June 20, 2005, the Ventura County Superior Court denied the petition.

6          On July 1, 2005, Petitioner filed a petition with the Court of Appeal.  The court denied the

7   petition on July 27, 2005.

8          On August 3, 2005, Petitioner filed a petition with the California Supreme Court.  The court

9   denied the petition on October 19, 2005.

10          On July 13, 2005, after the June 20, 2005 denial of his petition by Ventura County Superior

11   Court, Petitioner re-filed his petition in Sacramento County Superior Court as a petition for writ of

12   mandate.  On August 18, 2005, the Sacramento County Superior Court construed the petition for

13   writ of mandate as a petition for writ of habeas corpus and transferred it to Ventura County.  On

14   October 26, 2005, the Ventura County Superior Court denied the petition for a second time.

15   <u>Second Petition</u>

16          In 2005, Petitioner filed a second petition for writ of mandate with the Sacramento County

17   Superior Court.  On February 23, 2006, the court again construed the petition as a petition for writ of

18   habeas corpus.    On May 18, 2006, the Sacramento County Superior Court transferred the petition to

19   Ventura County.

20          On July 10, 2006, Judge Barbara Lane denied Petitioner's petition, referring to Petitioner's

21   abuse of the judicial system.   She wrote that she would have summarily denied the petition if she

22   had realized that Judge Brodie had previously decided the same issues.

23          On August 17, 2006, Petitioner filed a petition with the Court of Appeal.  The court denied

24   his petition.

25          On September 21, 2006, Petitioner filed his petition with the California Supreme Court.  The

26   court denied his petition.

27

28

1                                 **LEGAL STANDARDS**

2 JURISDICTION

3        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

4 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

5 the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.

6 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by

7 the United States Constitution. In addition, the matter challenged arises out of the California Mens

8 Colony, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d).

9 Accordingly, the court has jurisdiction over the action.

10        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

12 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

13 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

14 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

15 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

16 to cases filed after statute's enactment). The instant petition was filed after the enactment of the

17 AEDPA, thus it is governed by its provisions.

18 STANDARD OF REVIEW

19        This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

20 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

21 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

22        The AEDPA altered the standard of review that a federal habeas court must apply with

23 respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

24 Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will

25 not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

26 involved an unreasonable application of, clearly established Federal law, as determined by the

27 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

28 determination of the facts in light of the evidence presented in the State Court proceeding." 28

1   U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

2   Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

3   S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

4   concludes in its independent judgment that the relevant state-court decision applied clearly

5   established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

6   that application must be objectively unreasonable."  Id. (citations omitted).

7          While habeas corpus relief is an important instrument to assure that individuals are

8   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

9   Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

10  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

11  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

12  determinations must be presumed correct, and the federal court must accept all factual findings made

13  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

14  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

15  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

16  1388 (9th Cir. 1997).

17                                            **DISCUSSION**

18         Respondent moves to dismiss this petition on the ground that it is untimely and barred by the

19  statute of limitations.  Petitioner opposes the motion.

20         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21  Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

22  Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5

23  of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

24  raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."

25  The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to

26  dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915

27  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533

28  F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and

1  case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule

2  4.

3      The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

4  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

5  (d) reads:

6       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
         corpus by a person in custody pursuant to the judgment of a State court.  The
7        limitation period shall run from the latest of –

8            (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;
9
             (B) the date on which the impediment to filing an application created by
10       State action in violation of the Constitution or laws of the United States is removed, if
         the applicant was prevented from filing by such State action;
11
             (C) the date on which the constitutional right asserted was initially recognized by
12       the Supreme Court, if the right has been newly recognized by the Supreme Court and made
         retroactively applicable to cases on collateral review; or
13
             (D) the date on which the factual predicate of the claim or claims presented
14       could have been discovered through the exercise of due diligence.

15       (2) The time during which a properly filed application for State post-conviction or
         other collateral review with respect to the pertinent judgment or claim is pending shall
16       not be counted toward any period of limitation under this subsection.

17
18      Respondent contends in this case that Petitioner fairly presented his challenge to the April

19  2005 parole consideration to the California Supreme Court in August 2005, and notes that the court

20  denied his claim on October 19, 2005.  Respondent argues that the statute of limitations began

21  running as of that date, and that the present petition, filed January 3, 2007, is untimely and barred by

22  the one-year statute of limitations set out in the AEDPA.  In response, Petitioner contends that his

23  second petition, filed as a petition for writ of mandate, was filed "shortly before" September 29,

24  2005, and that this filing tolled the running of the statute of limitations.

25      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

26  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

27  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

28  Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

1    state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

2    challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

3    (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

4    1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a

5    petitioner is preparing his petition to file at the next appellate level reinforces the need to present all

6    claims to the state courts first and will prevent the premature filing of federal petitions out of concern

7    that the limitation period will end before all claims can be presented to the state supreme court.  Id.

8    at 1005.

9           In arguing in his motion that this petition is barred by the statute of limitations, Respondent

10   does not address the effect of Respondent's second petition on the running of the statute of

11   limitations.  He neither cites nor discusses any case authority considering the issue, and did not file a

12   reply to Petitioner's opposition to the motion to dismiss.  Respondent has therefore not addressed the

13   obvious issue of whether Petitioner's second petition, filed originally as a petition for writ of

14   mandate and eventually denied by the California Supreme Court on September 21, 2006, tolled the

15   running of the statute of limitations.

16          The court further notes that Respondent has not addressed the issue of equitable tolling.  The

17   limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's

18   control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct.

19   (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696,

20   701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States

21   Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon

22   v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc)* (noting that "[e]quitable

23   tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary

24

25          [1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
26   corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus
     relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of
27   Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may
     instead file an original habeas petition in the Supreme Court. See, id.

28

circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.   Petitioner makes an argument for equitable tolling in his opposition, arguing that he has been diligently pursuing his "appeal" throughout the time in question.

    In light of the above, IT IS HEREBY ORDERED as follows:

1)    Respondent's motion to dismiss the petition for writ of habeas corpus is DENIED;

2)    Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the following:

    A.    AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

    Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

    Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

    Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

1    **B.**   A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this

2          order based on the following grounds:[2]

3    EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's failure to

4    exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court

5    filings and dispositive rulings relevant to the examination of the statute limitations issue as

6    required by Ford v. Hubbard, 330 F.3d 1086 (9th Cir. 2003) and  Kelly v. Small, 315 F.3d

7    1063 (9th Cir. 2003);

8    STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition

9    as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's

10   state court filings and dispositive rulings.

11   SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the

12   Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and

13   disposition thereof.

14   2.  OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN

15       (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed

16       within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions

17       to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.

18       Replies to Oppositions to all other Motions SHALL be served and filed within eight (8)

19       days, plus three days for mailing.  If no opposition is filed, all motions are deemed

20       submitted at the expiration of the opposition period.

21   3.  The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a PDF-

22       form copy of the PETITION and any exhibits/attachments, on the Attorney General or his

23       representative.

24

---

25   [2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary
26   dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory
27   Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant
28   to Rule 4 are proper in a federal habeas proceeding.)

1    All motions shall be submitted on the record and briefs filed without oral argument unless

2    otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

3    applicable to this order.

4

5

6    IT IS SO ORDERED.

7    **Dated:    February 28, 2008**                              **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28