UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER M. BERGNE, | 1: 07 CV 00003 LJO WMW HC |
| Petitioner, | ORDER VACATING ORDER ENTERED JULY 15, 2008, GRANTING RESPONDENT'S REQUEST FOR A STAY |
| v. | [Doc. 20] |
| JAMES A. YATES, | |
| Respondent. | ORDER DENYING RESPONDENT'S REQUEST FOR A STAY OF THE PROCEEDINGS |
| | [Doc. 17] |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On May 23, 2008, Respondent filed a request for a stay in this case pending the Ninth Circuit's en banc review in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). On July 7, 2008, this court entered an order granting Respondent's motion for a stay. Upon sua sponte reconsideration, the court has determined that the order was entered in error. Accordingly, the

1 court's order entered July 7, 2008, granting Respondent's request for a stay in this case is HEREBY
2 VACATED.

4     On May 23, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth
5 Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc*
6 *granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008).

## DISCUSSION

8     As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with
9 propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of
10 an action before it, pending resolution of independent proceedings which bear upon the case." Leyva
11 v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit
12 has also determined that "once a federal circuit court issues a decision, the district courts within that
13 circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before
14 applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization
15 Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special
16 considerations that place unique limits on a district court's authority to stay a case in the interests of
17 judicial economy." Yong, 208 F.3d at 1120. "Special solicitude is required because the writ is
18 intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id.,
19 *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous
20 situation where the district court issued a stay pending a decision from the Supreme Court. The
21 Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot
22 justify an indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21.
23 Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.
24     In this case Respondent asks the Court to stay the proceedings pending a decision in
25 Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and
26 therefore implicates special considerations that limit the Court's authority to issue a stay. But more
27 importantly, as Petitioner points out, there is ample binding precedent from the Ninth Circuit other
28 than Hayward which bear on the issues in the petition. See Superintendent v. Hill, 472 U.S. 445, 457

(1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007). Pursuant to Yong, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's request for a stay of this case is DENIED;

2) this case is now fully briefed and ready for resolution.

IT IS SO ORDERED.

**Dated:   September 12, 2008**            /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE